**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


**DANIEL JOSEPH PARRISH-PARRADO,**

          **Petitioner,**

      **v.**                      **CASE NO. 14-3077-SAC-DJW**

**DOUG WADDINGTON, et al.,**

          **Respondents.**


## O R D E R


    Petitioner Daniel Joseph Parrish-Parrado, a prisoner in state custody, filed this action pursuant to 28 U.S.C. § 1651 seeking mandamus relief against the State of Kansas, the Kansas Parole Board, the Kansas Department of Corrections, the Larned Correctional Mental Health Facility (LCMHF), and Doug Waddington, the warden of that facility. Pursuant to 28 U.S.C. §636(b)(1)(B),(C), the matter was referred to Magistrate Judge Waxse, who recommended denying the motion to proceed in forma pauperis and ordered petitioner to show cause why this matter should not be dismissed for lack of jurisdiction. Petitioner was granted to and including June 4, 2014, to file a written response to the report.

    Petitioner did not file a pleading specifically identified as a response to the Notice and Order to Show Cause, but instead he filed a supplemental complaint (Doc. 4), a motion to issue summons (Doc. 5), and an amended petition for writ of habeas corpus (Doc. 6).

    The supplemental complaint does not address the same facts or

claims addressed in the original petition. Rather, petitioner asserts new claims of stalking and slander against Stephen Mcklearnan, a chaplain at the LCMHF. Attachments to the supplemental complaint show that on May 11, 2014, Mcklearnan wrote a disciplinary report charging petitioner with insubordination or disrespect and threatening and intimidating after a verbal confrontation between the two.[1]

These claims, however, are not properly presented in a petition for mandamus for the same reasons set out in Magistrate Judge Waxse's order, namely, that the federal courts do not have mandamus jurisdiction over state actors. *See Amisub (PSL) v. State of Colo. DSS*, 879 F.2d 789, 790 (10th Cir. 1989). While petitioner may present these claims in a separate complaint, they are not grounds for mandamus relief. Moreover, before commencing a complaint under federal law, a prisoner must exhaust available administrative remedies. 42 U.S.C. § 1997e(a)[2]. Finally, because petitioner is subject to the provisions of 28 U.S.C. § 1915(g), he may proceed in forma pauperis only if he shows that he is in imminent danger of serious physical harm. Accordingly, the court will dismiss these claims without prejudice to their presentation in an appropriate action.

Likewise, the amended petition for writ of habeas corpus asserts that petitioner's failure to cite 28 U.S.C. § 2241 as a basis for jurisdiction in the original petition was due to noise and

---

[1] The materials submitted do not suggest that petitioner has received a disciplinary sanction that affected the length of his incarceration. Rather, he appears only to complain that Chaplain Mcklearnan has stalked him and slandered him.

[2] "The Supreme Court has held that [42 U.S.C.] 1997e(a) makes exhaustion 'mandatory' for all 'inmate suits about prison life.'" *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003)(quoting *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002)).

interruptions in the cellhouse. The amended petition appears to assert the following claims: (1) that the warden has failed to provide photocopies for legal proceedings; (2) that counselors and the mail room clerk are engaging in criminal solicitation and obstruction; (3) that defendants are knowingly sabotaging the court hearing of another inmate at the facility and denied him an emergency legal telephone call; (4) that the conditions of confinement at the facility are harsh and uncorrected for lack of funds; (5) that the facility is overcrowded; and (6) that staff are underpaid. Petitioner seeks a court order placing all state correctional facilities in financial receivership.

Because these claims concern only conditions of confinement, they are not properly presented in a petition for habeas corpus. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). If petitioner wishes to pursue these claims, he must assert them in a civil rights action. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012)(distinguishing habeas corpus claims under § 2241 and conditions of confinement claims presented in a civil rights complaint). The claims in the amended petition for habeas corpus will be dismissed without prejudice.

Accordingly, for the reasons set forth, the court adopts Magistrate Judge Waxse's Report and Recommendation in its entirety.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is denied.

IT IS FURTHER ORDERED the petition for mandamus is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED petitioner's claims in the supplemental complaint (Doc. 4) and amended petition for writ of habeas corpus (Doc. 6) are dismissed without prejudice.

IT IS FURTHER ORDERED the motion for issuance of summons (Doc. 5) is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 5th day of June, 2014, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge